```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


JOSE GARZA,
                           Plaintiff,

          v.                             CASE NO.  12-3139-SAC

CORRECT CARE SOLUTIONS,
et al.,

                           Defendants.
```

                          MEMORANDUM AND ORDER

    This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF).  Having examined all materials filed, the court finds as follows.


**FILING FEE**

    The filing fee for a civil rights complaint is $350.00. Plaintiff has neither paid the fee nor submitted a motion to proceed without prepayment of fees.  This action may not proceed further until Mr. Garza has satisfied the statutory filing fee in one of these two ways.  Mr. Garza has been informed in other cases filed by him that 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion together with an affidavit described in

subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."[1]  28 U.S.C. § 1915(a)(2).  Plaintiff is given time to either pay the filing fee or submit a properly supported motion.  He is forewarned that if he fails to do so within the time prescribed, this action may be dismissed without prejudice and without further notice.  The clerk shall be directed to provide plaintiff with forms for filing a proper motion under 28 U.S.C. § 1915(a).

**ALLEGATIONS AND CLAIMS**

Mr. Garza alleges the following as the factual basis for his complaint.  He was sexually assaulted by two inmates and a guard in 2003 at the Lansing Correctional Facility and contracted anal warts which he claims are a sexually transmitted disease (STD).  In 2011, he kept complaining at the LCMHF clinic

---

[1] Mr. Garza has also previously been informed that pursuant to 28 U.S.C. § 1915(b)(1) he will remain obligated to pay the full district court filing fee of $350.00 for this civil action.  Being granted leave to proceed without prepayment of fees merely entitles him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Under that section, the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

of bumps around his colon area, but was not being treated. Nurse Able lied to him that his anal warts were not an STD and he did not have an STD. Dr. Stanton also said his anal warts were not an STD. He got a second opinion in September 2011 when he was told that he has the STD "Human Papoloma Virus," and his anal warts were frozen off. Plaintiff claims that he is "not being treated for this virus or for his warts returning" despite his complaining for some time.

Plaintiff attaches exhibits to his complaint which are considered part of his complaint. The first is the LCMHF Principal Administrator's response to a grievance submitted by him in July 2011. The administrator responded with the following findings and conclusions:

> . . . [Y]ou state that in 2003 [you] were raped at LCF . . . . You also state . . . [you've] contracted an (STD due) to the rape. You then allege you have anul ([sic] warts and you are not being treated. . . . [Y]our Unit Team Counselor . . . spoke with Marlene Abel, R.N.-D.O.N., and she reported the following: You have been seen by nurses regarding your rectal bleeding eleven different times, once in December 2005, once in July 2006, four times in 2010, and five times so far in 2011. You were referred to the HCP if the recommended treatment was not helpful per nursing guidelines. On April 5, 2009 you had a colonoscopy with follow-up on April 24, 2009. At this time you were diagnosed with a prolapsed rectum, but not a sexually transmitted disease. On August 21, 2009, surgical repair of the prolapsed rectum was performed as well as numerous follow-ups. You were a patient at LSSH – IR from December 3, 2009 to September 17, 2010. During this time you had a colonoscopy along with banding of hemorrhoids. You were seen by Dr. Stanton due to your complaints of lesions around your rectum

>  and the lesions being there for months.  Dr. Stanton will consult with another HCP for further assessment and consideration for treatment, but they have not made a definite diagnosis of any sexually transmitted disease at this time.

Mr. Garza was encouraged to "be patient" and "work with all staff."  Plaintiff's second exhibit is a Response on Appeal, which found that the "inmate has been seen multiple times for rectal bleeding" and "treatment has been rendered."  It further provided that [t]he Department's Contract Monitor Consultants reviewed his concerns" and the inmate "has received appropriate treatment."  His third is a copy of his grievance, which mentions names that are not included anywhere in the complaint. His fourth exhibit is a Grievance Response based upon Nurse Abel's review of his medical chart, and includes the information regarding his treatment.  In addition, it indicates that "previous exams performed by Dr. S. Kepka and Stanton have indicated that inmate has hemorrhoids" and has been provided treatment.  It also indicates that "exams performed by Dr. Slater while doing a colonoscopy did not reveal any type of sexually transmitted disease.  In his final exhibit, plaintiff complained to a staff member that Dr. Stanton had misdiagnosed him as having hemorrhoids when he instead has had an STD since the rape.

   Mr. Garza has submitted a "Note to Court," which included a

small white card.[2]  He alleges in this Note that "the doctor from Hutch" gave him the card with his diagnosis written on it.  The card has upon it the date September 12, 2011, initials that Garza claims are the doctor's, and the words: "Anal/genita warts or Condylomas accuminata, Human Papoloma Virus (HPV)(STD)."  In the Note, plaintiff states that he had been treated only once for STD, but now "they" won't treat him anymore because Nurse Rundell told him it was "cosmetic related."  He further states he has been told the warts will never go away, that "they" won't treat pain, itching or bleeding down there, and that "the doctors" have misdiagnosed his symptoms as hemorrhoids.  Mr. Garza asserts that he is being subjected to cruel and unusual punishment and that his due process rights have been violated.  He seeks "back to sound mind;" staff being more competent; better, prompt medical treatment; truthful explanations; and that "staff" be held accountable "for not treating (him) right."

**SCREENING**

Because Mr. Garza is a prisoner, the court is required by

---

[2] On the first page of all materials sent to the court, plaintiff must write the case number and the caption, which may be a shortened version after the full caption has been written on the Amended Complaint.  He may not add allegations or exhibits by simply sending a "Note" to the court.  He must file proper motions, supplements, or amendments.  The court directs the clerk to file the "Note to Court" as plaintiff's "Supplement with Exhibit."  In the future, plaintiff may add allegations, parties, or claims only by filing a complete Amended Complaint upon court-provided forms that conforms with Fed.R.Civ.P. Rule 15.

statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)(citation omitted). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558.

The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO NAME PERSON WHO PERSONALLY PARTICIPATED AS DEFENDANT**

The only defendant named in the caption of the complaint is Correct Care Solutions (CCS). Plaintiff has been informed in prior cases that under Fed.R.Civ.P. Rule 10(a) he is required to name all parties in the caption of the complaint. A plaintiff may choose to seek recovery against some people he believes are responsible for his injury and not others. It is thus not appropriate for the court to construe a complaint as subjecting other persons to a claim for relief, when they have not been properly designated as defendants. This is an elementary requirement with which even a pro se litigant should be able to comply. Each defendant must be clearly designated, or notice and service problems are likely to arise.

Mr. Garza does not describe any unconstitutional policy or custom of the CCS, and allege facts showing that his alleged injury was caused by that policy or custom. He thus fails to allege facts establishing liability on the part of CCS.

In the body of his original complaint only, plaintiff

mentions Nurse Marlen Able, Dr. Stanton, Mrs. Berry, Nurse Carr, and Nurse Rundell as medical staff that he has asked for help. However, he has not named any of these persons as defendants in the caption and has not provided the requisite personal information for each. Nor has he provided the dates of each one of these person's alleged acts or described the circumstances under which he requested medical treatment from each of these persons, except in part for Nurse Abel and Dr. Stanton. As plaintiff has been informed in prior cases, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). Plaintiff is given time to name persons as defendants and plead additional facts showing that each government-official defendant, through that official's own individual actions, has violated the Constitution.

**FAILURE TO STATE A FEDERAL CONSTITUTIONAL CLAIM**

The Eighth Amendment provides prisoners the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 Fed.Appx. 667, 672 (10th Cir. 2008)(*citing Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting Farmer, 511 U.S. at 834 (quotation omitted)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (*citing Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

It is settled that an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106-07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992)(Plaintiff's

contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.); *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976)(Where the complaint alleges a "series of sick calls, examinations, diagnoses, and medication," it "cannot be said there was a 'deliberate indifference' to the prisoner's complaints."). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 105-106 (footnote omitted). The prisoner's right is to medical care-not to the type or scope of medical care he personally desires. In cases involving allegations of missed diagnoses or delayed treatment, plaintiffs may establish liability by showing:

> a medical professional recognizes an inability to treat the patient due to the seriousness of the condition and his corresponding lack of expertise but nevertheless declines or unnecessarily delays referral, e.g., a family doctor knows that the patient needs delicate hand surgery requiring a specialist but instead of issuing the referral performs the operation himself; (2) a medical professional fails to treat a medical condition so obvious that even a layman would recognize the condition, e.g., a gangrenous hand or a serious laceration; [or] (3) a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency, e.g., a patient complains of chest pains and the prison official, knowing that medical protocol requires referral or minimal diagnostic testing to confirm the symptoms, sends the inmate back to his cell.

*Boyett*, 282 Fed.Appx. at 673 (*quoting Self*, 439 F.3d at 1232)(citations omitted)). It has long been held that a mere difference of opinion over the adequacy of medical treatment cannot provide the basis for an Eighth Amendment claim. *El'Amin v. Pearce*, 750 F.2d 829 (10th Cir. 1984); *Jones v. McCracken*, 562 F.2d 22 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Coppinger v. Townsend*, 398 F.2d 392 (10th Cir. 1968). A difference of opinion between a physician and a patient or even between two medical providers does not give rise to a constitutional right or sustain a claim under § 1983. *Coppinger*, 398 F.2d at 394.

In the instant action, Mr. Garza's allegations and exhibits plainly indicate that he has been furnished medical care during the relevant time frame. They also indicate that his claim

amounts to his difference of opinion with the diagnosis of his ailments by medical professionals and the treatments he has been provided over a number of years.  In essence, plaintiff's claim is that he believes he has had an STD since an alleged sexual assault in prison in 2003, and that this condition has not been properly diagnosed or treated by prison medical staff in all those years.  However, he alleges no facts indicating that he was medically diagnosed with an STD prior to September 2011.  On the other hand, his own allegations and exhibits show that he has been diagnosed by various doctors and other medical professionals with hemorrhoids and a prolapsed colon, and the symptoms he has displayed appear to be consistent with those conditions.  His allegations and exhibits also show that he was treated by many different doctors and nurses during this time and that the treatments he received included colonoscopies and hemorrhoid surgery.  In addition, his own allegations indicate that he was treated for STD and advised that his genital warts will not go away.  Plaintiff's allegations are nothing more than his condition was misdiagnosed and a lay person's disagreement with the medical diagnosis and treatment by medical professionals of his symptoms.  Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment, and are, at most, grounds for a negligence or malpractice claim in state court.

**ORDER TO FILE AMENDED COMPLAINT**

Plaintiff is given time to cure the deficiencies in his complaint that have been discussed herein.  In order to do so, he is required to file a complete First Amended Complaint upon forms provided by the court.  The First Amended Complaint will supersede the original complaint, and therefore must contain all claims and allegations that plaintiff wishes to present to the court.  The original complaint will not be considered further.  The First Amended Complaint must name all persons that Mr. Garza seeks to recover damages from as defendants in the caption.  All defendants must again be named in the body of the complaint together with allegations of fact describing the unconstitutional acts taken by each such defendant including dates and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation and more than a mere disagreement or malpractice.[3]  If plaintiff

---

[3]   Mr. Garza is no stranger to this court.  28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.  Federal court records reflect that Mr. Garza has filed at least two cases in this court that were dismissed and plainly qualify as strikes: (1) *Garza v. Bandy*, 08-0384 (D.Kan. May 16, 2008)(Dismissed for failure to state a claim as no state action in money damages suit against criminal defense attorney); and (2) *Garza v. Correct Care Solutions*, 09-3146 (D.Kan. June 28,

fails to submit a complete Amended Complaint upon court-provided forms within the time allotted by the court this action may be dismissed without further notice.  Plaintiff must write the number of this case, 12-3139-SAC, and "First Amended Complaint" on the first page of his new complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given thirty (30) days in which to satisfy the filing fee of $350.00 by either paying the fee in full or submitting a properly-supported Motion to Proceed Without Prepayment of Fees upon court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period plaintiff is required to file a First Amended Complaint that cures all deficiencies in the original complaint as discussed herein.

The clerk is directed to file the small white card received with a "note" from plaintiff as his "Supplement with Exhibit," and to send plaintiff IFP and § 1983 forms.

**IT IS SO ORDERED.**

---

2011)(defendants' motion to dismiss converted to motion for summary judgment and sustained on ground that plaintiff failed to exhaust administrative remedies).  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003)("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice. Nevertheless, the dismissal may constitute a strike for purposes of 28 U.S.C. § 1915(g)."); *Smith v. Cowman*, 208 Fed.Appx. 687, 689 (10th Cir. 2006)(unpublished opinion cited as persuasive not binding)("Because the dismissal of the complaint was based on a failure to exhaust administrative remedies, it accrues as Mr. Smith's third strike.").  If Mr. Garza incurs a third strike, he will be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999); *see also Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006).

Dated this 23rd day of July, 2012, at Topeka, Kansas.

                                            s/Sam A. Crow
                                            U. S. Senior District Judge